In the Matter of the Claim of GEORGE STONE, Appellant, against COHEN BROS. & SONS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board, disallowing his claim. The board (with one member dissenting) has disallowed this claim upon the ground that the claimant was an independent contractor and not an employee of the respondent Cohen Bros. & Sons. The Cohen firm was in the wholesale fruit business in Passaic, New Jersey. Several times a week it sent its truck to a dock in the city of New York to pick up boxes and baskets of fruit. The truck driver would call upon one of a group of men standing about the dock to help him load his truck. It was the duty of the helper to lift the packages onto the truck and to hand them to the driver who would then stack them in place. The driver would pay the helper from $3 to $6 per load, depending upon the size of the load, and would then be reimbursed by his employer. The claimant had been regularly selected for this work by the truck driver for over two and one-half years prior to the accident. He helped load the Cohen firm's truck two or three days a week during this period. While engaged in this type of work on April 25, 1951, the claimant injured his right foot in alighting from the truck. The respondent directs our attention to certain additional facts which it claims support its contention that the claimant was an independent contractor: When the claimant was not engaged in work for the respondent, he loaded trucks for others. Occasionally, if the claimant was not available when the respondent's truck driver arrived, he selected someone else for the work. It also appeared that if the load to be placed on the respondent's truck was too large for the claimant to handle alone, the claimant got another worker to help him and divided the compensation with him. Finally, the respondent relies upon the fact that upon the hearing the claimant responded affirmatively to the question "Are you in business for yourself?" These points do not seem to us to be sufficient to sustain the board's decision. The characterization of the legal relationship by the claimant, an uneducated laborer, is hardly controlling. The claimant had no independent place of business; upon the evidence, he was an ordinary day laborer and not an entrepreneur. Neither does the fact that the claimant

did not work exclusively for the respondent militate against the finding of an employer-employee relationship. Nor does the fact that the claimant occasionally divided his compensation with a helper make him the operator of an independent business. There is no evidence that he made any profit upon the work of the helper; the compensation was apparently divided equally between the claimant and the helper and the amount retained by the claimant was simply compensation for his own manual labor. The fact that the claimant was free to accept the proffered work or to reject it upon any particular occasion is not material; the fact is that, when he did undertake the work, it was his duty to perform it promptly and under the immediate supervision and direction of the truck driver. Even under the common-law test, a part-time helper working under the immediate direction and supervision of the truck driver would be regarded as an employee of the truck driver's employer (*Matter of Vance* v. *Hut Neckwear Co.*, 281 App. Div. 151, motion for leave to appeal denied 305 N. Y. 933). A fortiori, he is an employee within the meaning of the Workmen's Compensation Law. The claimant is the very kind of menial worker whom the Workmen's Compensation Law was meant to cover. The nature of the work, the fact that it was an integral part of the day-to-day operations of the respondent and the fact that the truck driver controlled the details of the claimant's work, all point to an employer-employee relationship (1 Larson on Workmen's Compensation, §§ 43–45). The rule giving finality to the decisions of the board is not applicable here. The facts are undisputed and the question of the legal relationship between the parties is one primarily of law (*Matter of Motor Haulage Co.* v. *Maltbie*, 293 N. Y. 338, 357). The board's decision, in our judgment, is contrary to the only conclusion which can reasonably be reached upon the undisputed evidence and it cannot be allowed to stand (cf. *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works*, 304 N. Y. 65). Decision of the Workmen's Compensation Board reversed, on the law, and the case remitted to the board for further proceedings not inconsistent with this memorandum. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [See *post,* p. 1080.]