John E. Cone, J.
Plaintiff seeks a declaratory judgment determining that plaintiff is not liable under a policy of automobile liability insurance issued by it to the defendant Gut-freunds Olympia Market, Inc. (hereinafter referred to as Olympia) for the personal injuries alleged to have been sustained by the defendant John Lorey. The policy of insurance excludes from coverage any injury which is compensable under workmen’s compensation. Defendant Lorey is alleged to have been injured while he was engaged in loading a truck owned and operated by Olympia. Plaintiff contends that Lorey was an employee of Olympia while Lorey asserts that he was an independent contractor.
The evidence establishes that Mr. Gutfreund, a principal of Olympia, would from time to time call upon longshoremen or public loaders standing on the sidewalk at a street corner in Manhattan where they regularly congregated for shape up to help load Olympia’s trucks; that those selected would be transported to Brooklyn where the trucks were waiting to be loaded; that Lorey had been selected several times prior to the accident for such work; that when Lorey was not engaged in working for Olympia as a loader, he would then work for others as a *902 longshoreman; that when he was engaged by Olympia he would be paid $2 per hour with a guarantee of $16 for the day and that payment would be made in cash without deduction for withholding taxes or social security. It is further established that Gut-freund directed the loaders to the trucks, upon which they were to work, with the instructions that they were to load the trucks assigned to them; that each truck had a driver assigned to it who was always present during the loading operation; that the truck driver was the one charged with how his truck should be loaded; that he would place the first package on the truck and from this placing the key to the entire loading flowed; that during the workday a straw boss was present at all times; that the latter would direct the loaders upon the completion of each loading operation to another truck.
The facts herein parallel those in Stone v. Cohen Bros. & Sons (282 App. Div. 900) where the court held that the loader was an ordinary day laborer and not an entrepreneur. At page 901, the court said: “ The claimant is the very kind of menial worker whom the Workmen’s Compensation Law was meant to cover. The nature of the work, the fact that it was an integral part of the day-to-day operation of the respondent and the fact that the truck driver controlled the details of the claimant’s work, all point to an employer-employee relationship.”
It is thus my view that Lorey was not an independent contractor but merely a part-time employee and, accordingly, that plaintiff is entitled to a declaration that it is not liable to Lorey or Olympia under the automobile liability policy issued by it. Judgment shall be entered accordingly.